2015 JUN -4 AM 9: 33

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | |
|---|---|
| IN RE: SEARCH WARRANT FOR FOUR ELECTRONIC DEVICES SEIZED FROM 26900 GEORGE ZEIGER DRIVE # 327, BEACHWOOD, OHIO, ON APRIL 9, 2015 | ) CASE NO.<br>)<br>) **1:15 MJ 3114**<br>)<br>)<br>) MOTION TO BE<br>) <u>FILED UNDER SEAL</u> |

Now comes the United States of America, by and through its duly authorized attorneys, Steven M. Dettelbach, United States Attorney, Margaret A. Sweeney, Assistant U.S. Attorney, and respectfully moves this Court for an Order sealing the Search Warrant, Application and supporting Affidavit, sworn to by John Guzik, a detective with the Lakewood, Ohio, Police Department, currently assigned to the Northern Ohio Law Enforcement Task Force as a Task Force Officer with the Federal Bureau of Investigation, in support of the search warrant issued in the instant case.

As and for good cause the government states:

1. The government is engaged in an ongoing investigation focused upon potential violations of Title 21, United States Code, Section 841(a)(1), Distribution of Cocaine, Heroin, and/or Marijuana; Title 21, United States Code, Section 846, Conspiracy to Distribute Cocaine, Heroin, and/or Marijuana; and Title 18 United States Code, Section 1956(a), Laundering of Monetary Instruments, the investigation of which would be comprised by the revelation of the contents of the affidavit herein submitted. The government believes that disclosure of the

warrant and affidavit will prematurely reveal the government's evidence and investigative techniques and will alert investigative target's of the government's investigation.

2. In addition, the contents of the search warrant affidavit are of such a nature that their disclosure would tend to identify the underlying source(s) of information, and place them in danger of retaliatory action. The affidavit could lead to discovery of the identities of individuals who have provided information to the government. Disclosure of the warrant and affidavit could allow the target or targets to determine the identity of those who provided information including those not specifically named.

3. Providing prior notice to the person associated with the property that will be searched pursuant to the search warrant, would seriously jeopardize the ongoing investigation, as such a disclosure would give that person an opportunity to destroy evidence, change patterns of behavior, notify confederates, or flee from prosecution.

In support of this motion, the United States refers the Court to the following case: United States v. Agosto, 600 F.2d 1256 (9th Cir. 1979); Shea v. Gabriel, 520 F.2d 879 (1st Cir. 1975).

    Respectfully submitted,

    STEVEN M. DETTELBACH
    United States Attorney

By: _____
    Margaret A. Sweeney (OH: 0086591)
    Assistant United States Attorney
    United States Court House
    801 West Superior Avenue, Suite 400
    Cleveland, OH 44113
    (216) 622-3990
    (216) 522-7499 (facsimile)
    Margaret.Sweeney@usdoj.gov